**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Arevalo, ) | No. CV 05-3249-PHX-NVW (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Charles J. DeRosa, et al., ) | |
| Defendants. ) | |

Plaintiff Jose Luis Arevalo, currently confined in the Federal Correctional Institution in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has also filed an ex parte motion for temporary restraining order and a motion for a preliminary injunction. The Court will order that Defendants DeRosa and Martin answer Plaintiff's First Claim for Relief and the motion for preliminary injunction. The remaining claims and Defendants will be dismissed without prejudice, and Plaintiff's ex parte motion for temporary restraining order will be denied.

**A.  Parties.**

Plaintiff Arevalo is acting *pro se* in this action. The other Plaintiff named in the caption – Francisco Javier Estrada – has not signed the complaint nor applied to proceed *in forma pauperis*. Thus, nothing in this record reflects that Plaintiff Estrada is attempting to bring this lawsuit *pro se*. On that basis alone, it is appropriate to dismiss Plaintiff Estrada

from this action. See Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (collecting decisions dismissing appeals where *pro se* notices of appeal were not signed by the parties appealing). Moreover, Plaintiff Arevalo cannot bring an action on behalf of Plaintiff Estrada. Except for self-representation, a person must be a member of the bar of this Court to bring an action. See LRCIV 83.1(b). Consequently, the Court will dismiss Plaintiff Estrada from the action.

**B.    Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff Arevalo's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $3.12 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**C.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1 may be granted, or that seek monetary relief from a defendant who is immune from such
2 relief. 28 U.S.C. § 1915A(b)(1), (2).

### D. **Complaint.**

Plaintiff is incarcerated at the Federal Correctional Institution in Phoenix. His action concerns retaliation and discrimination for exercising his right of access to the courts. Plaintiff name fourteen Defendants:

(1) Warden Charles J. DeRosa, Warden,

(2) Supervisor of Education Kerrie Martin,

(3) Assistant Warden Fernando Arreola,

(4) Captain Robert Garcia,

(5) Case Manager Sharlene Beauchamp,

(6) Lieutenant Cartrette,

(7) Unit Manager Zavala,

(8) Counselor T. Simmons,

(9) Counselor Randall C. Ellard,

(10) Correctional Officer Flores,

(11) Correctional Officer Francisco Armenta,

(12) Bureau of Prisons Director Harley G. Lapin,

(13) Western Regional Director J.E. Gunja, and

(14) United States Department of Justice Bureau of Prisons.

The following facts are alleged in Plaintiff's Complaint.

In 2004, Warden Charles DeRosa told his staff that he would not tolerate inmate litigators. He ordered his staff to "do whatever was necessary to reduce or extinguish inmate use of administrative remedies and court access." (Compl., ¶ 25.) DeRosa and Kerrie Martin, the Supervisor of Education, reduced law library hours in half and refused to replace the Spanish-speaking law clerks who assist the inmates.

When Hispanics complained, "DeRosa's policy against inmate court access turned racial against Hispanic inmates." (Compl., ¶ 25.) DeRosa fired an inmate named Luna from

1   his prison job for helping another inmate.  DeRosa and Martin fired a qualified law clerk for
2   helping inmates with their legal work.
3       Plaintiff alleges that he was targeted by DeRosa and Martin.  DeRosa had Plaintiff put
4   in a special housing unit and told him that his use of the law library must stop.  DeRosa
5   ordered Correctional Officer Flores to keep Plaintiff out of the law library.  Plaintiff asserts
6   that he is in "perpetual hard labor slavery and constant threat of worse punishment" for his
7   use of the library to access the courts.  (Compl., ¶ 28.)  Plaintiff alleges that the retaliation
8   has chilled his right of access to the courts and impeded his access to the courts.  Plaintiff
9   also alleges that "Defendants" interfered with and impeded his legal mail.

10  **E.    Claims**

11      Based on the foregoing facts, Plaintiff asserts eight claims: (1) racial discrimination
12  and retaliation, (2) conspiracy to violate civil rights, (3) aiding and abetting, (4) involuntary
13  servitude, (5) conspiracy to "injure, oppress, threaten, or intimidate" for the exercise of civil
14  rights in violation of 18 U.S.C. § 241, (6) conspiracy to impede court access and racially
15  discriminate in violation of 18 U.S.C. §§ 1701, 1702, (7) intentional infliction of emotional
16  distress, and (8) a request for injunctive relief.

17      *1. Lack of standing to assert rights of others*

18      In his claims for relief, Plaintiff attempts to assert claims on behalf of other inmates.
19  Constitutional claims are personal and cannot be asserted vicariously.  Johns v. County of
20  San Diego, 114 F.3d 874, 876 (9th Cir. 1997).  And, as stated above, Plaintiff cannot
21  represent other persons because he is not a member of this Court's bar.  Thus, in evaluating
22  Plaintiff's eight Claims for Relief, the Court will only consider how each claim applies to
23  Plaintiff.

24      *2. First Claim for Relief*

25      Plaintiff claims that Defendants have violated his rights by "racially discriminating,
26  punishing, and retaliating against Hispanic inmates for accessing the courts."
27      Plaintiff's claim of racial discrimination is appropriately considered under the Equal
28  Protection Clause.  To state a claim for a violation of the Equal Protection Clause, plaintiff

TERMPSREF                                        - 4 -

must show that the defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). Plaintiff alleges that DeRosa and Martin targeted him and other Hispanic inmates who complained about the policy regarding access to the courts. At this early juncture, Plaintiff's allegations adequately states a claim against DeRosa and Martin.

Plaintiff's claim of retaliation is properly considered under the First Amendment. The five elements of a retaliation claim are: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest"), cert. denied, 524 U.S. 936 (1998). Plaintiff alleges that DeRosa and Martin retaliated against him for exercising his right of access to the courts by putting him in a special housing unit, requiring him to work, and threatening other punishment. These allegations are sufficient to state a claim, and the Court will order DeRosa and Martin to answer Plaintiff's retaliation claim in Count I.

There are no allegations to show that the remaining Defendants discriminated against Plaintiff or retaliated against him. Although Plaintiff alleges that DeRosa ordered Corrections Officer Flores to keep him out of the law library, he does not allege whether Flores acted with the intent to discriminate or retaliate against Plaintiff. Instead, Plaintiff's allegation is directed towards the conduct of DeRosa and not Flores. And, it appears that Plaintiff continued to use the library and was not kept out by Flores. There are no allegations regarding the remaining eleven Defendants. Accordingly, they will not be required to answer Plaintiff's First Claim for relief.

*3. Second, Third, Fifth and Sixth Claims for Relief*

In his second claim for relief, Plaintiff alleges that all of the Defendants conspired to "injure, oppress, threaten, punish, intimidate, and chill" the inmates from exercising their right of access to the courts. (Compl., ¶ 40.) In his third claim for relief, Plaintiff alleges that all of the Defendants "did aid and abet" Warden DeRosa to violate his civil rights. (Compl., ¶ 44.) Conclusory allegations of a conspiracy are insufficient. See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (explaining the requirements of a conspiracy claim under § 1983); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (we need not "accept as true allegations that are merely conclusory, deductions of fact, or unreasonable inference"s), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (stating that conclusory allegations of conspiracy do not support a § 1983 claim). Plaintiff's allegations that fourteen defendants joined in a conspiracy to deprive inmates of access to the courts and that thirteen Defendants "aided and abetted" Defendant DeRosa are too conclusory to state a claim. Accordingly, the second and third claims for relief will be dismissed without prejudice.

In his Fifth and Sixth Claims for Relief, Plaintiff alleges that Defendants' conspiracy to impede access to the courts and to interfere with legal mail violated 18 U.S.C. § 241 and 18 U.S.C. §§ 1701-1702. The conclusory nature of the conspiracy allegations alone warrants the dismissal of these claims. In addition, the statutory provisions cited by Plaintiff give rise to criminal prosecution, not civil actions. See Aldabe v. Aldabe, 616 F.3d 1089, 1092 (9th Cir. 1980) (18 U.S.C. § 241 provides no basis for civil liability); Bagguley v. Barr, 893 F. Supp. 967, 974 n.15 (D. Kan. 1995) (18 U.S.C. § 1701-1702 do not provide a private right of action). Plaintiff obviously has no authority to bring a criminal prosecution. These claims will be dismissed.

*4. Fourth Claim for Relief*

Plaintiff alleges that retaliating against him violates the Thirteenth Amendment's prohibition against involuntary servitude. The Thirteenth Amendment, however, does not prohibit involuntary servitude as part of imprisonment. Draper v. Rhay, 315 F.2d 193, 197

1  (9th Cir.), cert. denied, 375 U.S. 915 (1963).  Plaintiff therefore fails to state a Thirteenth
2  Amendment claim.

   *5. Seventh Claim for Relief*

4  Plaintiff alleges that Defendants' conduct has caused him to suffer severe emotional
5  distress.  The elements of intentional infliction of emotional distress are: (1) the defendant's
6  conduct must be extreme and outrageous, (2) the defendant must either intend to cause
7  emotional distress or recklessly disregard near certainty that such distress will result from
8  misconduct, and (3) severe emotional distress must indeed occur as a result of defendant's
9  conduct.  Mintz v. Bell Atlantic Systems Leasing Inter., Inc., 905 P.2d 550, 553-54 (Ariz.
10 1995).  The conduct must be so outrageous in character, and so extreme in degree, as to go
11 beyond all possible bounds of decency, and to be regard as atrocious and utterly intolerable
12 in a civilized community.  Hixon v. State Compensation Fund, 565 P.2d 898, 899-900 (Ariz.
13 Ct. App. 1977).  Plaintiff's allegation that Defendants have denied him access to the court
14 fails to rise to the level of extreme and outrageous conduct.  Accordingly, this claim will be
15 dismissed without prejudice.

   *6. Eighth Claim for Relief*

17 Plaintiff's Eighth Claim for Relief is actually a request for an injunction, not a
18 separate basis for a claim.  Accordingly, this claim will be dismissed without prejudice.

19 **F.     Motions for Temporary Restraining Order and Preliminary Injunction.**

   *1. Motion for Ex Parte Temporary Restraining Order*

21 Plaintiff requests an ex parte temporary restraining order to prevent Defendants from
22 retaliating against him for filing this action.  He submits an affidavit of an inmate named Jose
23 Gonzalez-Negron.  Negron avers that on September 30, 2005, he saw the head of the special
24 investigations unit, an assistant, and three other officers search Inmate Springmeier and his
25 cell and then search Plaintiff's cell, followed by Luna's cell.  Negron states that in his unit,
26 the only inmates who use the law library regularly are Springmeier, Plaintiff, and Luna.

27 Temporary restraining orders are governed by Rule 65(b) of the Federal Rules of Civil
28 Procedure.  To demonstrate entitlement to a temporary restraining order, Plaintiff must show

**TERMPSREF**                                          - 7 -

1 by specific facts that he is in danger of immediate and irreparable harm. FED. R. CIV.
2 P. 65(b). "The issuance of an ex parte temporary restraining order is an emergency
3 procedure and is appropriate only when the applicant is in need of immediate relief." 11A
4 Charles Alan Wright & Arthur R. Mill, FED. PRAC. & PROC. CIV.2D, § 2951. The conduct
5 described in Negron's affidavit occurred *before* Plaintiff filed this lawsuit. There are no facts
6 alleged to show that Plaintiff is in immediate danger of suffering retaliation for filing this
7 lawsuit.

8 In addition, Plaintiff seeks a temporary restraining order without notice to the adverse
9 party. The Court may *not* grant a temporary restraining order without notice unless the
10 applicant certifies to the court in writing the efforts, if any, which have been made to give
11 notice and the reasons that notice should not be required. FED. R. CIV.P. 65(b). No reason
12 has been offered by Plaintiff to forgo notice to the adverse party. Accordingly, Plaintiff's
13 motion for temporary restraining without notice will be denied.

14 *2. Motion for Preliminary Injunction*

15 In his motion for preliminary injunction, Plaintiff requests an order enjoining
16 Defendants from continuing to enforce their policy against inmate court access, from racial
17 discrimination, and from retaliation. The remaining Defendants (DeRosa and Martin) will
18 be required to respond to the motion for a preliminary injunction along with their answer
19 within the time provided in Rule 12(a) of the Federal Rules of Civil Procedure.

20 **G.    Warning of Possible Dismissal Pursuant to Rule 41.**

21 Plaintiff should take notice that if he fails to timely comply with every provision of
22 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
23 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
24 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
25 Court), cert. denied, 506 U.S. 915 (1992).

26 **IT IS THEREFORE ORDERED that:**

27 (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted
28 pursuant to 28 U.S.C. § 1915(a)(1).

1  (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.12.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Plaintiff's Ex Parte Application for Temporary Restraining Order (Dkt. #3) is **denied**.

(4) Defendants DeRosa and Martin will be required to **answer** Count I and Plaintiff's Motion for Preliminary Injunction (Dkt. #4).  The remaining claims and Defendants are **dismissed** without prejudice.  Plaintiff Francisco Javier Estrada is also **dismissed**.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (Doc. #1), this Order, the Motion for Preliminary Injunction (Dkt. #4), and both summons and request for waiver forms for Defendants DeRosa and Martin.

(6)  Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons

1 is not returned by a Defendant within thirty days from the date the request for waiver was
2 sent by the Marshal, the Marshal shall:

3    (a)  Personally serve copies of the Summons, Complaint, and this Order upon
4 the Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

5    (b)  Within 10 days after personal service is effected, file the return of service
6 for the Defendants, along with evidence of the attempt to secure a waiver of service
7 of the summons and of the costs subsequently incurred in effecting service upon the
8 Defendants.  The costs of service shall be enumerated on the return of service form
9 (USM-285) and shall include the costs incurred by the Marshal for photocopying
10 additional copies of the Summons, Complaint, or this Order and for preparing new
11 process receipt and return forms (USM-285), if required.  Costs of service will be
12 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
13 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

14 (10) **A Defendant who agrees to waive service of the Summons and Complaint**
15 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

16 (11)  Defendants shall answer the Complaint or otherwise respond by appropriate
17 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
18 Rules of Civil Procedure.

19 (12) Any answer or responsive pleading shall state the specific Defendant by name
20 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
21 motion or paper that does not identify the specific Defendant by name on whose behalf it is
22 filed.

23 (13)  Plaintiff shall serve upon Defendants, or if appearance has been entered by
24 counsel, upon counsel, a copy of every further pleading or other document submitted for
25 consideration by the Court.  Plaintiff shall include with the original document and copy, to
26 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
27 the pleading or document was mailed to Defendants or counsel.  Any paper received by a
28

1  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
2  may be disregarded by the Court.

3  (14) At all times during the pendency of this action, Plaintiff shall immediately advise
4  the Court and the United States Marshal of any change of address and its effective date.
5  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
6  contain only information pertaining to the change of address and its effective date. Plaintiff
7  shall serve a copy of the notice on all opposing parties. The notice shall not include any
8  motions for any other relief. Failure to file a Notice of Change of Address may result in the
9  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
10 of Civil Procedure.

11 (15) A clear, legible copy of every pleading or other document filed shall accompany
12 each original pleading or other document filed with the Clerk for use by the District Judge
13 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
14 may result in the pleading or document being stricken without further notice to Plaintiff.

15 (16) This matter is referred to Magistrate Lawrence O. Anderson pursuant to Local
16 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

17 DATED this 31st day of October, 2005.

_____
Neil V. Wake
United States District Judge

TERMPSREF

- 11 -